63 309
66 556

DESIRE B. WILLEMIN v. SAMUEL R. BATESON.

*Justice of the peace—Contract void as against public policy
—Recovery for services rendered.*

A justice of the peace agreed with an attorney to charge no fees in certain suits brought before him, unless the judgments rendered therein were collected.

*Held,* a palpable violation of judicial duty, and void as against public policy; and that the justice could not recover from the plaintiff for services *actually* rendered, the whole transaction being beyond the protection of courts of justice.

Error to Wayne.  (Jennison, J.)   Argued October 8, 1886.
Decided October 21, 1886.

Assumpsit.   Plaintiff brings error.   Affirmed.   The facts
are stated in the opinion.

*Charles Flowers,* for appellant.

[No authorities cited in brief.—REPORTER.]

*Griffin & Warner* (*De Forest Paine,* of counsel), for de-
fendant:

Plaintiff's claim has no legal, moral, or equitable founda-
tion:   *Thurston v. Percival,* 1 Pick. 415.

As to recovery under illegal contracts, see *Myers v. Mein-
rath,* 101 Mass. 366; *Horton v. Buffinton,* 105 Id. 399; *Ladd
v. Rogers,* 11 Allen, 209; *Gregg v. Wyman,* 4 Cush. 322;
*Duffy v. Gorman,* 10 Id. 45.

CAMPBELL, C. J.   Plaintiff sued defendant for fees claimed
to be due for services as justice of the peace in suits dis-
posed of by plaintiff, brought in defendant's behalf against
a number of persons who owed him tailoring bills.

The defense was that these suits were all brought in
defendant's name by one George H. Paine, who informed
Willemin that he was himself to carry on the suits at his
own risk, without having his client bound for costs, and that
Willemin agreed with Paine to entertain the cases on that
understanding, and, further, to charge no fees unless the
judgments rendered by him were collected.   Willemin denied
this arrangement, but the case was put to the jury entirely
on the truth or falsehood of the defense, and by their ver-
dict for the defense they must necessarily have found Paine's
and Bateson's showing true.

This being so, Willemin never had any right to look to
defendant for compensation.

Counsel for plaintiff now claims that, if any such contract
was made, it was void as against public policy, and should

be disregarded, and the case left as if it did not exist, so that a recovery could be had for the services at their legal rate.

We entirely agree with the claim that such a contract is in direct violation of public policy. It was an agreement which made plaintiff's right to fees depend on whether or not he gave judgment for the party suing before him. It would be difficult to conceive any more palpable violation of judicial duty.

But it is a remarkable claim that, where work is done under such a contract, the contract may be treated as null, and the services regarded as rendered properly. No one can use a void contract as a means of getting better terms than he could have claimed under it. The whole transaction is covered by the same taint, and must be treated as beyond the protection of courts of justice.

We see no force in any of the other points relied on. This testimony was properly introduced and submitted, and disposes of the case.

The judgment must be affirmed.

The other Justices concurred.