## Fred O. Watson vs. Lorenzo W. Fales.

### Androscoggin.   Opinion March 21, 1903.

*Judges.   Disclosure Commissioner.   Compensation.   Contracts.   Public Policy.*
*Reasonable Time.*

No contract is valid which makes the payment of fees to a judicial officer dependent on his decision between parties.   Public policy requires that such contracts be declared void; and they are equally futile as a basis of an action or defense.

It is absolutely essential that such an officer should be fair, impartial and unbiased.   If his compensation by contract is made to depend on the result, he would be tempted to sway toward that decision which would result in his getting pay for his services and it is not the policy of the law that he should be even subjected to temptation.

In an action of assumpsit to recover for fees as a disclosure commissioner, the defendant offered evidence tending to prove an agreement between the parties that the plaintiff should not receive his pay from the defendant for disclosure cases, as a disclosure commissioner, until it was collected from the judgment debtors; but this was denied by the plaintiff, who recovered a verdict for his claim.

The following instructions of the presiding justice were held to be correct:—

1.   "If there was any agreement between the plaintiff and the defendant whereby the plaintiff agreed to perform the services of disclosure commissioner and not have any pay unless the defendant received it, that is, making the receipt of the pay on the part of the plaintiff conditional and contingent on the defendant's getting the money out of the cases, that would be an invalid and unlawful contract and would afford no defense whatever to this action."

2.   Among other defenses the defendant alleged that the plaintiff agreed to wait for his fees until the defendant collected them.   *Held;* that the following instruction is correct:   "If that is taken in its literal sense, so in case the defendant did not collect, the plaintiff was never to have his pay, it would be open to the same objection as the contract I have just discussed with you; that would be a case of no pay unless collected, and that is just the trouble with the other proposition."

3.   What is a reasonable time is a question of law.

4. *Held;* in this case, no circumstances appear by which to determine what would be a reasonable time, and the question of the reasonableness of the time is an absolute one. It is not involved with matters of disputed fact or any facts from which an inference could be drawn that the time which had elapsed was within the limit of reasonable time; and it is, therefore, a question for the court.

Exceptions by defendant. Overruled.

This was an action of assumpsit to recover the amount alleged to be due the plaintiff from the defendant for services of the plaintiff as disclosure commissioner and register of probate, done and performed for the defendant. The jury returned a verdict for the plaintiff in the sum of one hundred and fifty-four dollars and ninety cents.

The defendant claimed, and offered evidence to prove, that there was an agreement between him and the plaintiff that the plaintiff should not receive his pay from the defendant for the disclosure cases of the defendant's, in which he had rendered services as disclosure commissioner, until the defendant had collected it from the judgment debtors in the cases. The plaintiff denied that there had ever been such an agreement.

After a verdict for the plaintiff, the defendant took exceptions which are found in the opinion.

*W. H. Newell and W. B. Skelton,* for plaintiff.

*H. E. Holmes,* for defendant.

SITTING: WISWELL, C. J., STROUT, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This case comes to the law court on exceptions.

It was an action of assumpsit to recover the sum of one hundred and fifty dollars and fifteen cents, fees of the plaintiff as disclosure commissioner.

The defendant claimed, and offered evidence to prove, that there was an agreement between him and the plaintiff that the plaintiff should not receive his pay from the defendant for disclosure cases in which he had rendered services as disclosure commissioner until the defendant had collected it from the judgment debtors. The plaintiff denied that there had ever been such an agreement.

In reference to this alleged contract the presiding justice instructed the jury as follows:

"If there was any agreement between Mr. Watson and Mr. Fales whereby Mr. Watson agreed to perform the services of disclosure commissioner and not have any pay unless Mr. Fales received it, that is, making the receipt of the pay on the part of Mr. Watson conditional and contingent on Mr. Fales getting the money out of the cases; if that was the proposition, if that is what they meant, if there was such a contract, then I instruct you, gentlemen, that it would be an invalid and unlawful contract and would afford no defense to this action whatever."

The justice explained to the jury the reasons why such a contract with a disclosure commissioner is against public policy, and that, as a judicial officer, "it is absolutely essential that he should be fair and impartial and unbiased." "If his compensation by contract was made to depend on the result," he would be tempted "to sway towards that decision which would result in his getting his pay for his services," that without saying that this or any disclosure commissioner would be influenced "it is not wise and it is not the policy of the law that they should be subjected even to temptation."

As to another construction of the alleged contract, suggested by counsel, viz: that the plaintiff agreed to wait for his fees until the defendant collected them, he instructed the jury as follows:

"If that is taken in its literal sense so that in case the defendant didn't collect, the plaintiff was never to have his pay, it would be open to the same objection as the contract I have just discussed with you; that would be a case of no pay unless collected, and that is just the trouble with the other proposition."

The presiding justice fully and accurately stated the objection to agreements of this nature. Where they relate to the administration of justice and involve considerations which may affect the impartiality of the magistrate, public policy requires that they be declared void, and they are equally futile as the basis of an action or of a defense. The law applies the general principle to all contracts which embody this potential danger to the public interests. So no contract is valid which makes the payment of fees to a judicial officer in any way

dependent on his decision between the parties. *Hawkeye Ins. Co.* v. *Brainard,* 72 Iowa, 130 ; *Willemin* v. *Bateson,* 63 Mich. 309; Beach on Contracts, § 1534.

The presiding justice referred to another construction which might possibly be given to the language of the alleged contract, viz; that the plaintiff would not hurry but would wait a reasonable time and give the defendant an opportunity to collect. On this view of the contract he ruled that what is a reasonable time is not a question of fact for the jury, but a question of law for the court to decide, and acting upon this ruling he instructed the jury, as a matter of law, that a reasonable time had elapsed in the present case so that, even under the most favorable construction, the alleged contract would not be available as a defense.

From the statement of the contract as claimed by the defendant, it seems unlikely that the jury could have given it so strained a construction as that to which this last ruling relates, even applying to the utmost the presumption in favor of legality.

But if such a view of the case were possible the ruling was undoubtedly correct that the question of reasonable time was for the court.

In *Attwood* v. *Clark,* 2 Greenl. 249, the right of action depended on the furnishing of a certain memorandum by the original plaintiff to the defendant of defective merchandise on which a rebate was to be allowed. There was no time mentioned within which the memorandum was to be furnished. The judge left it to the jury to decide as a question of fact whether it was a part of the contract that the plaintiff should furnish the defendant with a memorandum within a reasonable and convenient time, and if it was, then a reasonable and convenient time had elapsed. Held, that what is a reasonable time within which an act is to be performed, when a contract is silent on the subject, is a question of law ; and that the judge was in error in leaving the construction of the contract to the jury. MELLEN, C. J., says, p. 254, "Now as it appears by the exceptions that no time was mentioned in the contract, within which the memorandum was to be furnished, the *law fixed the time* as we have before stated, viz : a *reasonable time,* and such time had elapsed before demand

made according to the judge's opinion:—there was therefore nothing as to this point for the jury to decide; the contract as proved was not denied, and no fact existed from which they would have a right to presume that the time for furnishing the memorandum *did* form a part of the contract."

Applying the principle of *Attwood* v. *Clark*, to the circumstances of this case, it is clear that in the absence of any other defense than that of the alleged contract, the court properly instructed the jury although his instructions were equivalent to the direction of a verdict for the plaintiff. The three alternatives seem to be: 1. No contract opposed to the plaintiff's right to recover his statutory fees. 2. An illegal contract which is no defense to his action. 3. A contract to defer payment for a reasonable time which had elapsed prior to the date of the writ.

In *Kingsley* v. *Wallis*, 14 Maine, 57, where defendant had the right to rescind the contract and no time was fixed by its terms, it was held that he was bound to make his election to do so within a reasonable time, and that what was a reasonable time was a question of law; the court following *Attwood* v. *Clark*.

"What is due diligence or a reasonable time for making demands and giving notices of negotiable paper is a question of law to be decided by the court." SHEPLEY, J., in *Howe* v. *Huntington*, 15 Maine, 350.

Whether tender was made within a reasonable time was held to be a question for the court in *Greene* v. *Dingley*, 24 Maine, 131.

Under a statute authorizing a city council to vote exempting from taxation property of a water company for a certain term of years, it was held that the exemption must be voted if at all within a reasonable time, and what would be a reasonable time is a question of law. *Portland* v. *Portland Water Co.*, 67 Maine, 135.

Cases like these raise a simple question of law and are to be distinguished from those cited in the defendant's brief which are complicated with disputed facts. The distinction is stated by SHEPLEY, J., in *Hill* v. *Hobart*, 16 Maine, 164. "Where the facts are clearly established or are undisputed or admitted, reasonable time is a question of law. But where what is a reasonable time depends

upon other controverted points, or where the motives of the party enter into the question, the whole is necessarily to be submitted to a jury before any judgment can be formed whether the time was or was not reasonable."

*Wilder* v. *Sprague*, 50 Maine, 355, relied on by the defendant, was an action of the acceptance of an order to pay money when the acceptor had sold certain logs. Exceptions were taken to the introduction of evidence tending to prove that a delay of three years in selling the logs was not unreasonable. This was held to be proper evidence for the jury, as "the court cannot know the limit of time within which, by the exercise of common and ordinary care, a quantity of wharf logs could be sold." In that case the question was as to the default of the acceptor in selling the logs within a reasonable time, for only on such default would he be liable on his acceptance. This raised a question of mixed fact and law. Although prima facie it might appear that a reasonable time had expired, circumstances beyond his control may have delayed the sale, and it was proper for him to show these circumstances.

In the present case, however, no such circumstances appear to show that the delay is reasonable, and the question of the reasonableness of the time must be an absolute one. It is not only not involved with matters of disputed fact, or any facts from which an inference could be drawn that the time which had elapsed was within the limit of reasonable time, but it is seriously involved with the other question of illegality of the alleged contract. It is therefore a question for the court.

*Exceptions overruled.*