JENNIE C. MORELAND V. A. SMITH DEVENNEY *et al.*

No. 14,377.    (83 Pac. 1097.)

SYLLABUS BY THE COURT.

1. ATTORNEYS — *Champertous Agreement.* An agreement of attorneys to carry on a litigation for a share of the amount to be recovered and to pay all costs and expenses is contrary to public policy, champertous, and void, and no recovery can be had thereon.

2. ———— *Preliminary Oral Negotiations — Implied Contract.* Nor can they recover upon a preliminary negotiation which merged into the void written agreement, or upon *quantum meruit* for the services rendered under the illegal agreement.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed December 9, 1905. Reversed.

*S. T. Seaton,* for plaintiff in error.

*A. Smith Devenney,* and *H. L. Burgess, pro se.*

The opinion of the court was delivered by

JOHNSTON, C. J.:   This was an action by A. Smith Devenney and H. L. Burgess to recover $750 from Jennie C. Moreland for legal services rendered in an action by her against the St. Louis & San Francisco Railroad Company. In their petition they set forth the following contract:

"Whereas, on the 21st day of December, 1903, near Godfrey, Kan., my husband, Asa Moreland, was killed by the St. Louis & San Francisco Railroad Company; and whereas, I, his widow and next of kin of the deceased, for my benefit and the benefit of my children, desire compensation for his death from said railroad company:

"Now, in order to obtain such compensation, I hereby employ A. Smith Devenney and H. L. Burgess, attorneys at law, of Olathe, Kan., to obtain, by suit or compromise, all compensation as damages for the value of the life of my said husband to me from said railroad company. In consideration of their services

in the premises they shall have one-fourth of all moneys recovered by suit or otherwise, when same is collected. And it is expressly understood and agreed that I am not required to advance or pay any moneys for costs or for any other purpose whatsoever. The said A. Smith Devenney and H. L. Burgess, attorneys at law, hereby agree to and accept said employment on the terms and for the consideration above stated. And it is expressly agreed that my said attorneys shall not compromise said case without my consent first having been obtained thereto in writing. Signed in duplicate, this December 29, 1903, at Olathe, Kan.

(Signed)     JENNIE MORELAND.
(Signed)     A. SMITH DEVENNEY.
(Signed)     H. L. BURGESS."

On a demurrer to the petition the trial court held the contract to be champertous and void. In an amended petition the plaintiffs set forth the oral negotiations which led up to the written contract, but did not mention or rely upon it. They asked a recovery for the value of the services rendered in her behalf, and by the verdict they were awarded $600.

There is no doubt as to the character of the transaction between the contending parties, and the case may be disposed of on the testimony of the plaintiffs. While there was an attempt to ignore the written contract, its existence and the negotiations preliminary to it were conceded. For a share of the moneys which might be recovered the attorneys agreed to conduct the litigation at their own expense. The express provision in the contract relieving Mrs. Moreland from paying costs or other expenses is open to no other interpretation. Such an agreement under our law is champertous, contrary to public policy, and void. At common law champerty was an offense, and from the beginning champertous agreements were deemed to be contrary to public policy and unenforceable. The common-law doctrine has been recognized and applied in this state. In *A. T. & S. F. Rld. Co. v. Johnson,* 29 Kan. 218, attorneys orally agreed with their client to prosecute an action for damages in her name against

a railroad company for a portion of the amount recovered, and to pay the expense of the prosecution; and later she made a writing assigning to them the portion of the judgment they were to receive. It was said of that contract:

"It has every element of champerty in it. It was prosecuted for a portion of the expected judgment and for no other consideration, and Smith and Daniels agreed to pay all the costs and expenses necessary to be paid in such prosecution. This makes the contract unquestionably champertous." (Page 227.)

The case of *Aultman v. Waddle,* 40 Kan. 195, 19 Pac. 730, recognizes the legality of contingent fees and sanctions the right of an attorney to carry on a litigation for a percentage of the thing to be recovered, where he does not relieve the client from the costs and expenses of the suit; but it approves the rule of *A. T. & S. F. Rld. Co. v. Johnson,* 29 Kan. 218, that an agreement by an attorney to carry on the litigation for a share of the amount to be recovered, at his own cost and expense, is against public policy and void.

The district court, therefore, rightly held the contract to be champertous, and we think it should have gone further, and held that no recovery was permissible for the value of the services performed.

Counsel contend that they are entitled to recover on the oral negotiations, and for the value of the services rendered. It is impossible, however, to separate the oral negotiations from the contract in which they culminated. The terms of the contract were discussed between the parties with a view of entering into a contract, and all the preliminary negotiations merged into the written contract as made. The testimony shows clearly enough that there were not two contracts between the parties, and the attempt to treat some of the preliminary talk as an oral contract apart from the written one is not tenable. There was but one transaction—one contract; and as that was tainted with the vice of champerty the negotiations leading

up to the contract are likewise affected. It is made clear that Mrs. Moreland insisted that she should be relieved of all costs and expenses, and it may be safely said that, but for this provision, there would have been no employment. The services were rendered under an agreement which was void, not because of a mere want of power to make it, but because it was against public policy; and in such a case it is held that no recovery can be had upon the contract or for the value of the services rendered under it. (*Bowman v. Phillips,* 41 Kan. 364, 21 Pac. 230, 3 L. R. A. 631, 13 Am. St. Rep. 292.)

In Minnesota an action was brought by an attorney in which he set up a contract which was barratrous and against public policy, but the petition was drawn so as to admit of a recovery either under the written contract or upon a *quantum meruit* for the services rendered in the litigation. In declaring the law governing the case the supreme court said:

"Where the illegality of the conduct of a party enters into the very inception of a scheme by which the litigation itself is illegally instigated, even if the illegal express contract is set aside or ignored, this original vice in the scheme still exists; and a party to it cannot purge his conduct, and obtain the benefit of the litigation which he has thus unlawfully instigated, by ignoring the original special contract, and suing on a *quantum meruit.* Neither could he accomplish that result by attempting to abandon the original contract, and make a new one in furtherance of the unlawful scheme." (*Gammons v. Gulbranson,* 78 Minn. 21, 23, 80 N. W. 779.)

A contract of a somewhat similar character was before the supreme court of Michigan in the case of *Willemin v. Bateson,* 63 Mich, 309, 29 N. W. 734, and the contention was made that if the contract was void and should be disregarded a recovery might be had for the value of the services given. The court remarked:

"We entirely agree with the claim that such a con-

tract is in direct violation of public policy. It was an agreement which made plaintiff's right to fees depend on whether or not he gave judgment for the party suing before him. It would be difficult to conceive any more palpable violation of judicial duty.

"But it is a remarkable claim that, where work is done under such a contract, the contract may be treated as null, and the services regarded as rendered properly. No one can use a void contract as a means of getting better terms than he could have claimed under it. The whole transaction is covered by the same taint, and must be treated as beyond the protection of courts of justice."

Under their own testimony the plaintiffs were not entitled to recover, and therefore the judgment must be reversed and the cause remanded for further proceedings.

All the Justices concurring.