No. 19,741.

T. J. RIDGWAY, *Appellee,* V. GEORGE WETTERHOLD, *Appellant.*

SYLLABUS BY THE COURT.

1. ILLEGAL CONTRACT—*No Recovery on Quantum Meruit.* No recovery can be had on *quantum meruit* for services rendered under a contract prohibited by statute.

2. ILLEGAL CONTRACT—*Sale of Patent Right—Service—Contract Indivisible.* A contract for the sale of an interest in a patent right was executed in violation of the provisions of sections 5515-5517 of the General Statutes of 1909, and as part of the consideration the purchaser agreed to employ the owner of the patent and pay him for services in the construction of machinery for manufacturing under the patent; *held,* that the contract is not divisible, but entire, and being tainted with illegality, no action can be maintained to enforce any part thereof.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed December 11, 1915. Reversed.

*P. D. Gardiner,* of Wichita, for the appellant.

*Robert C. Foulston,* of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff, who was the owner of a patent right covering the manufacture and sale of a bed spring, sold the defendant an interest in the patent. The contract was in writing and contained a provision that the defendant was to employ the plaintiff to superintend the construction of certain machinery for the manufacture of the bed springs and was to pay the plaintiff $25 per week for his labor and services. Alleging that defendant had refused to pay for the services rendered in accordance with the contract, plaintiff brought the action. The petition contained two counts, the first, upon the written contract; the second, upon *quantum meruit.* The answer alleged that the contract sued upon was void because the plaintiff had failed to comply with the provisions of sections 5515-5517 of the General Statutes of 1909, which declare the sale of any interest in a patent right void unless the owner has filed with the clerk of the district court duly authenticated

copies of the letters patent. The answer alleged that the plaintiff had not complied with any of the provisions of the statute. The evidence disclosed no dispute as to the facts. A demurrer to the evidence was sustained as to the first count, but overruled as to the second. The plaintiff recovered judgment, from which defendant appeals.

In his petition the plaintiff, realizing the weakness of his case, sought to avoid disaster to the second count by alleging that the written contract is divisible; and he stands now upon the contention that the agreement to employ him to construct machinery for manufacturing the bed springs under the patent is no part of the contract for the sale of an interest in the patent right. His contention is not sound. The contract is entire. (*Gerlach v. Skinner,* 34 Kan. 86, 89, 8 Pac. 257; *Sedgwick County v. The State,* 66 Kan. 634, 72 Pac. 284.) His contract for employment was in writing, and he is obliged to rely upon it in order to recover. He can get nowhere except by aid of the illegal contract. (*Surety Co. v. Brick Co.,* 73 Kan. 196, 209, 84 Pac. 1034.) It is just as clear that his agreement to perform the services and defendant's agreement to employ him constitute part of the consideration for the sale and purchase of the interest in the patent as it is that defendant's agreement to pay him a royalty on the bed springs is part of the consideration.

The statute (Gen. Stat. 1909, § 5517) makes it unlawful for the owner of a patent to enter into a contract for the sale of any interest therein unless he has first complied with the provisions of the statute, and the owner is liable to fine and imprisonment for any violation of the statute. In *Pinney v. Bank,* 68 Kan. 223, 75 Pac. 119, a similar contract made in violation of the statute was declared void. (See, also, *Mason v. McLeod,* 57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327; *Nyhart v. Kubach,* 76 Kan. 154, 90 Pac. 796.)

The contract under which plaintiff was employed and the services performed being part of the illegal contract, the law will not permit him to avoid the effect of the statute and recover upon a *quantum meruit.* (*Bowman v. Phillips,* 41 Kan. 364, 21 Pac. 230; *Moreland v. Devenney,* 72 Kan. 471, 473-475, 83 Pac. 1097.)

In the Devenney case, the opinion quotes with approval (p. 475) the following excerpt from. *Willemin v. Bateson,* 63 Mich. 309, 29 N. W. 734:

"But it is a remarkable claim that, where work is done under such a contract, the contract may be treated as null, and the services regarded as rendered properly. No one can use a void contract as a means of getting better terms than he could have claimed under it. The whole transaction is covered by the same taint, and must be treated as beyond the protection of courts of justice." (p. 311.)

The judgment is reversed and the cause remanded with directions to sustain the demurrer and render judgment for defendant.