Argued June 22; affirmed September 14; rehearing denied
October 4, 1932

# BROWN *v.* NEW JERSEY INSURANCE CO.

(14 P. (2d) 272)

*C. E. Zollinger,* of Portland (Veazie & Veazie of Portland on the brief), for appellant.

*E. M. Jachetta* and *Neal R. Crounse,* both of Portland, for respondent.

RAND, J. Plaintiff, a storekeeper in Portland, procured insurance against fire from defendant and other companies upon his stock of goods. The goods burned and this action was brought to recover defendant's proportionate part of the indemnity. The defendant answered, admitting its liability and tendered judgment for a part of the burned goods, but denied liability for the remainder which it alleged consisted of certain false and spurious labels kept for sale to boot-

leggers and of a certain substance called "aged in wood" used by bootleggers to give an appearance of age and quality to moonshine whiskey, the sale of which it is alleged is illegal and contrary to public policy, which, it is claimed, rendered the contract of insurance void. These allegations were put in issue and, upon the trial of the cause, the court charged the jury, in effect, that, if it found that these articles could not be the subject of a lawful sale, plaintiff could not recover in the action for any amount in excess of the amount for which judgment had been tendered. Plaintiff had verdict and judgment for the amount claimed and defendant has appealed.

Defendant offered no evidence whatever in support of its allegations and relied wholly upon the testimony of the plaintiff. Plaintiff testified that he kept these articles for sale in his store and sold them to his customers but that he had no knowledge of what was done with them after they had been sold. He also produced samples of the labels and of the substance referred to and these were offered as exhibits in the case. They purport to be labels, in part at least, of whiskies manufactured and sold elsewhere and could be used for the purpose of misrepresentation and deception in the unlawful sale of moonshine whiskey.

There was no suggestion in the evidence that plaintiff did any act in aid of any unlawful use which may have been made of these labels beyond selling them, nor was there any proof of any unlawful use having been made of them. Under this state of the record, defendant contends that the question of whether these articles could be lawfully sold was one of law for the court and, hence, that its submission to the jury was error and, for that reason, the finding of the jury upon

this question is a nullity and that it is the duty of the court to set aside the verdict and judgment and grant a new trial.

■ If it should be conceded, as contended for by defendant, that these articles were kept for sale for unlawful purposes, it does not follow that the contract of insurance is unenforceable. There is no statute in this state making the possession, sale or insurance of such articles unlawful, nor is there any provision in the contract of insurance which restricts the liability of the defendant to such articles only as may lawfully be sold.

In the absence of such a statute or of some provision of the policy restricting the liability of the insurer, the only ground for declaring a contract insuring goods kept for unlawful use or sale unenforceable is that the enforcement by the courts of such a contract would have a direct tendency to be injurious to the public good. The question of whether a contract of insurance is invalidated by the fact that the insured property is used for an illegal purpose or has been kept for unlawful sale is a question upon which there has been some conflict of authority, but it is now generally settled that, unless the insurer combines or conspires with the insured to accomplish the unlawful result or shares in the benefit thereof, the contract is valid and enforceable.

■ There is nothing inherently wrong or immoral in a contract insuring property against fire which may have been used for an illegal purpose or kept for unlawful sale unless the insurer does some act to aid in carrying out such purpose or in the making of such sales. If the goods are burned, they cannot be thereafter sold and neither the payment nor the contract to pay their value, in the event they are burned, can make

their sale or the use of them, after the burning, possible. A contract insuring such goods is not based upon an illegel consideration and if unlawful sales were made before the burning, such transactions were only collaterally connected with the contract and are too remote to affect its validity. This principle was stated by Chief Justice Marshall in *Armstrong v. Toler,* 11 Wheat. 258 (16 L. Ed. 468), as follows:

"Where the contract grows immediately out of and is connected with an illegal or immoral act, a court of justice will not lend its aid to enforce it.

"But if the promise be unconnected with the illegal act, and is founded on a new consideration, it is not tainted by the act, although it was known to the party to whom the promise was made, and although he was the contriver and conductor of the illegal act.

"A new contract, founded on a new consideration, although in relation to property respecting which there had been unlawful transactions between the parties, is not itself unlawful."

Mr. Williston states the rule thus:

"Where the contract is merely collaterally connected with an unlawful purpose or act, the rule generally adopted is that where the contract is only remotely connected with an unlawful transaction and rests upon an independent and legal consideration, and the plaintiff can establish his case without relying upon the unlawful transaction, the contract is valid. Thus a contract of insurance is not invalidated by the fact that the property insured is used for an illegal purpose." 3 Williston on Contracts, Section 1752.

See to the same effect *Mechanic's Ins. Co. v. C. A. Hoover Distilling Co.,* 182 Fed. 590 (31 L. R. A. (N. S.) 873); *Electrova Co. v. Spring Garden Ins. Co.,* 156 N. C. 232 (72 S. E. 306, 35 L. R. A. (N. S.) 1216); 2 Page on Contracts, section 1103; 26 C. J., p. 64.

"The test of a violation of the rules of public policy is whether the plaintiff requires the aid of the illegal

transaction to establish his right; for, if he cannot open his case without showing that he has transgressed the law, a court will not assist him.'' Robson v. Hamilton, 41 Or. 239 (69 P. 651).

Page states the same rule thus:

'' 'the test of a violation of rules of public policy is whether the plaintiff requires the aid of the illegal transaction to establish his right.' If the plaintiff is obliged to rely upon an illegal transaction, he can not recover by the simple expedient of omitting, in his declaration, all reference to the facts which make the transaction illegal. In such case the defendant can set up such facts. It is not the question of the form in which plaintiff states his case or the judicious selection of evidence which he makes that determines his right to recover, but of the essential facts on which the plaintiff bases his case without regard to whether he wishes to disclose such facts in their entirety or not.'' 2 Page on Contracts, section 1103.

Tested by this rule, it is very clear that the plaintiff does not require the aid of any illegal transactions to establish his right to the enforcement of his claim and that if there has been any illegal transactions in connection with the insured property, they are not directly connected with the contract insuring the goods and are too remote to affect its validity.

For these reasons, the judgment appealed from must be affirmed.

BEAN, C. J., KELLY and CAMPBELL, JJ., concur.