*H. D. Thompson*, for the appellant.

---

CULPH and Others *v.* PHILLIPS and Another.

Where, in a suit for the foreclosure of a mortgage, the mortgagor has not sold his equity of redemption, it is not necessary to aver in the complaint that the mortgage has been recorded.

Payment of a sum of money exceeding legal interest, for a further extension of time upon a note past due, does not taint the note with usury, but the maker may, probably, have a credit for the amount, as a payment.

It will be presumed in favor of the judgment of a court of general jurisdiction, the record not showing the contrary, that the land, in a foreclosure suit, was situated within the jurisdiction of the court.

Where a note, secured by mortgage, is payable without relief from the appraisement laws, and the complaint prays for a foreclosure, and other proper relief, a judgment of sale without relief is not erroneous.

APPEAL from the *Jasper* Circuit Court.

*Tuesday, December 3.*

PERKINS, J.—In *June*, 1856, *Elijah Culph*, and *Sarah* his wife, mortgaged a piece of land in *Jasper* county, *Indiana*, to *William Moreland*, to secure the payment of four notes, due at the times following, viz., one on *April* 1, 1856; one on *April* 7, 1857; one on *April* 1, 1859; and one on *April* 1, 1860.

This suit was commenced in *June*, 1860. *Moreland* assigned one of the notes to *Thompson*, who assigned the same, by delivery, to *Phillips* and *Webb*, the plaintiffs. *Culph* and wife, the mortgagors, *Moreland*, the mortgagee, and holder of a part of the secured notes, *Thompson*, the assignee, and equitable assignor, of one of the notes, are made defendants. *Culph* had not sold his equity of redemption; and, hence, no purchaser from him had any interest in the land. It was not, therefore, necessary to aver in the complaint, that the mortgage had been recorded. It was good against the mortgagor, without having been recorded.

Payment, to the holder, of a sum of money exceeding legal

Nov. Term,
1861.

Duck
v.
The State.

interest, for a further extension of time upon a note past due, does not taint the note with usury. See the cases cited in Ind. Dig., § ?, p. 778. But the maker may, probably, have a credit for the amount, as a payment. We presume in favor of the judgment of a court of general jurisdiction, the record not showing the contrary, that the land, in a foreclosure suit, was situated within the jurisdiction of the Court. *Godfrey* v. *Godfrey*, *ante*, p. 6.

Where a note is given without relief from valuation laws, and secured by mortgage, and the complaint for foreclosure prays for a foreclosure, sale, and other proper relief, a judgment of sale without relief may be rendered.

*Per Curiam.*—The judgment below is affirmed, with 2 per cent. damages and costs.

*John Guthrie*, for the appellants.

*R. C. Gregory*, for the appellee.