THE CITY OF DES MOINES v. GILCHRIST ET AL.

1. **Cities and Towns:** MODE OF EXERCISING POWERS GRANTED TO: STATUTE MUST BE FOLLOWED: ESTABLISHING FIRE LIMITS. Where a power granted to a municipal corporation is directed to be exercised through certain means or in a particular manner, there is implied an inhibition upon doing it through other means or in a different manner. Accordingly, a city cannot prohibit the erection of wooden buildings within certain limits except on petition of the owners of two-thirds of the grounds included in any square or block, as provided by Code, § 457. Compare *City of Keokuk v. Scroggs*, 39 Iowa, 447.

2. ———: FIRE LIMITS: PROHIBITION OF LUMBER YARDS WITHIN. There is no statute authorizing a city to prohibit the establishment and maintenance of lumber yards within the established fire limits.

<em>Appeal from Polk District Court.</em>

THURSDAY, OCTOBER 22.

THE defendants were charged by information before the police court of the city of Des Moines with the violation of a city ordinance, by erecting wooden buildings and maintaining a lumber-yard within the fire limits of the city. They pleaded not guilty. A trial was had, and the defendants were found guilty, and they appealed. Upon a trial in the district court the defendants were convicted of erecting wooden buildings within the fire limits, and acquitted of the charge of establishing and maintaining a lumber-yard within the said limits, upon the ground that the city council had no

The City of Des Moines v. Gilchrist et al.

power under the statute to prohibit the erection and maintenance of lumber-yards within the fire limits. Both parties appeal.

*Williamson & Kavanaugh*, for plaintiff.

*Barcroft & Bowen*, for defendant.

ROTHROCK, J.—I. Section 482 of the Code is as follows: "Municipal corporations shall have power to make and publish, from time to time, ordinances, not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by this chapter, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of said corporation and the inhabitants thereof, and to enforce obedience to such ordinances by fine not exceeding one hundred dollars, or by imprisonment not exceeding thirty days."

1. CITIES and towns: mode of exercising powers granted to: statute must be followed: establishing fire limits.

It is further provided by statute that cities "shall have power to make regulations against danger from accidents by fire, to establish fire districts, and, on petition of the owners of two-thirds of the grounds included in any square or block, to prohibit the erection thereon of any building or addition to any building, unless the outer walls thereof be made of brick and mortar, or of iron and stone and mortar, and to provide for the removal of any buildings or additions erected contrary to said prohibitions." Code, § 457.

The ordinance under which the prosecution against the defendants is sought to be maintained provides that it shall be unlawful for any person within certain limits to "erect any building, or addition to any building, not made and built with outer walls composed of iron, stone, brick and mortar, or other non-combustible material; and all persons are hereby forbidden from hereafter erecting or establishing any building within said limits, the outer walls of which are

composed of wood or other combustible material, or from keeping or maintaining any lumber-yard or wood-yard within said limits."

It is conceded that the ordinance establishing fire limits was passed without the petition of the owners of two-thirds of the ground included in squares or blocks within the limits fixed by the ordinance, and the important question in the case is, was such petition necessary to give the city council authority to fix fire limits?

It is claimed by counsel for the plaintiff that the power is given in that part of section 457, above cited, which authorizes the council to make regulations against danger from accidents by fire, and to establish "fire districts." And it is sought to construe the term "fire districts" the same as if the words "fire limits" were used. We do not think any such construction can fairly be placed upon the law. These terms are not convertible nor interchangeable. The words "fire districts" are used to authorize the division of the city into districts for the better and more efficient service of the fire department in the extinguishment of fires. That it was so understood by the counsel of the city of Des Moines is made manifest by the fact that the council established two fire districts, and fixed their boundaries. Another and very cogent reason why the words "fire districts" are not to be construed as "fire limits" is that, in the same section of the statute, the manner in which fire limits are to be established i' specifically designated: that is, by the petition of the owners of two-thirds of the grounds in the respective blocks.

It is further claimed that the city council is authorized to fix fire limits under the general provisions of section 482 of the Code. It may be that the point would be well taken if it were not for the provision in section 457 prescribing the requirements necessary to the exercise of the power. It is a general principle of the law that the specific designation of the manner of exercising a power granted operates as a limitation upon the general power conferred; or, as is said in the

case of *City of Keokuk v. Scroggs*, 39 Iowa, 447: " When a thing is directed to be done through certain means or in a particular manner, there is implied an inhibition upon doing it through other means or in a different manner." In *Pye v. Peterson*, 45 Tex., 312, S. C., 23 Amer. Rep., 608, it was held that a city cannot, without express authority in either its charter or by its statute, establish fire limits and declare wooden buildings within such limits to be nuisances. That case is in its facts very much like the case at bar, so far as it relates to the erection of the wooden buildings by the defendants. We think that upon this branch of the case the court erred in holding the defendants liable for the erection of the buildings at their lumber-yard.

II. The court below held that the defendants were not liable to punishment under the ordinance for the erection and

2. ——— : fire limits: prohibition of lumber yards within. maintenance of a lumber-yard within the city. This ruling, doubtless, was made upon the authority of the case of *City of Keokuk v. Scroggs*, above cited. It appears to us that the case is decisive of this question. The city of Keokuk was organized under a special charter. Its general powers were as broad and full as the power granted to cities under section 482 of the Code. There was an amendment to the charter granting specific powers for the purpose of guarding against calamities by fires. The city passed an ordinance for the prevention of fires, in which it prohibited certain acts not enumerated in the special provisions in the amendment. It was held that the ordinance was void.

It seems to us that case is identical with this in principle. We are content to follow it without further elaboration. Our conclusion is that the judgment of the court below should be affirmed on plaintiff's appeal, and reversed on defendants' appeal.