[No. 8643.   Department Two. — January 30, 1886.]

## TOWN OF REDWOOD CITY, APPELLANT, *v.* HENRY GRIMMENSTEIN ET AL., RESPONDENTS.

REDWOOD CITY — SALARY OF MARSHAL. — The sum of two hundred dollars allowed to the marshal of Redwood City as his salary, under the act of March 30, 1874, is in full payment for the discharge of all duties devolved upon him by law, including the duty of collecting the taxes.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order refusing a new trial.

The action was brought on the official bond of the defendant, Grimmenstein, to recover the sum of $547.88, alleged to have been collected by him for taxes due the town of Redwood City, and which he had failed to pay over to the town. The defendant admitted the collection of the money, and claimed that he was entitled thereto as his commissions on the amount of taxes coming into his hands for the fiscal years 1880–81 and 1881–82. The court found that the defendant was entitled to retain $183.65 as his commissions, and rendered judgment in favor of the plaintiff for the balance. The further facts are stated in the opinion of the court.

*Fox & Ross*, for Appellant.

*Kincaid & Fitzpatrick*, for Respondents.

THORNTON, J.—The questions to be decided in this case have all been determined adversely to respondent in appeal of same title, No. 8642, *ante*, p. 512, except one, which is, whether the defendant Grimmenstein is entitled to commissions on the amount of taxes collected by him as marshal of Redwood City, and by virtue of the office of marshal-tax-collector of said city during the fiscal year 1881–82. We are of opinion that he is not.

He held but one office, that of marshal, and by virtue of holding that office he became tax collector. By section 19 of the act of March 30, 1874 (see Stats. 1873–74, p. 957), the marshal is allowed a salary of two hundred dollars per year, payable out of the general fund. By section 13 of the same act (see p. 954), it is provided that "the marshal shall be *ex officio* tax collector."

We are of opinion that it was the intention of the legislature that the marshal should receive in compensation for the discharge of all duties devolved upon him by law, including that of collecting the taxes, the sum of two hundred dollars, and nothing more. Nor do we perceive that this is changed by the fact that he is made *ex officio* tax collector, and invested by the act (sec. 13, p. 954) "with the same power and authority conferred on tax collectors of state and county taxes, and shall be governed by the laws of this state now or hereafter in force, except in so far as his duties shall be regulated or modified by ordinance."

We understand these last provisions as referring only to his power and authority, and the exercise thereof in the discharge of his duties, and to have no reference to the compensation he is to receive. This is controlled by section 19 of the act, which, in our judgment, fixes his compensation for all services he may render. (See

*New Orleans* v. *Finnerty,* 27 La. Ann. 681; 21 Am. Rep. 569.)

It follows from the foregoing that the judgment and order must be reversed, and the cause remanded, with directions to enter judgment for the plaintiff for the sum of $547.88, and costs of suits.

Ordered accordingly.

MYRICK, J., and SHARPSTEIN, J., concurred.