## BOLLMAN *v.* GEMMILL.

[No. 18,742. Filed June 7, 1900.]

EXECUTION SALES.—*Appraisement. — Judgment. —* Construing §744 Burns 1894 with §585, a judgment without relief cannot rightfully be rendered unless the law provides for such a judgment in the particular case, and if the law does so provide, the judgment must be entered " without relief " or a sale thereunder without appraisement will be illegal. *pp. 34, 35.*

VOL. 155—3

155   33
f155 178

155   33
158   96
155   33
164   274

155   33
f167   68

PLEADING. — *Informal Demurrer.* — A cause will not be reversed because of the action of the court in sustaining an informal demurrer to a bad answer.  *p. 36.*

From the Jay Circuit Court.  *Affirmed.*

*Emerson McGriff, W. H. Williamson* and *S. A. D. Whipple,* for apppellant.

*D. T. Taylor, W. F. MacGinnitie* and *T. J. Taylor,* for appellee.

BAKER, C. J.—Suit to vacate a sheriff's sale of real estate on execution.  Appellee's complaint charges that prior to May 16, 1896, an action to recover damages for seduction, wherein Ola Brown was plaintiff and appellee was defendant, was pending in the Adams Circuit Court; that, the cause being set for trial, appellee procured a continuance; that thereupon Ola Brown moved for judgment for costs occasioned by the continuance, and the court rendered judgment against appellee as follows:  "It is therefore considered and adjudged by the court that the plaintiff recover of and from the defendant the costs and charges taxed at the sum of $111.49"; that on January 28, 1897, the clerk of the Adams Circuit Court issued to the sheriff of Jay county an execution on the judgment "without relief from appraisement laws"; that the sheriff levied the execution upon certain real estate belonging to appellee in Jay county, and, without causing the land to be appraised, sold it to appellant for $47, which was a sum greatly below its value at the time; that appellant paid his bid and received from the sheriff a certificate of purchase.  To this complaint, appellant unsuccessfully demurred, and thereupon answered, confessing the facts stated by appellee to be true, and attempting to avoid the effect thereof by alleging that the judgment was made up of various sums for services rendered by the clerks and sheriffs of Adams, Jay, and Wells counties, which were unpaid and owing to those counties, and that therefore the judgment was collectible without relief from appraisement laws though the judgment itself did not so

provide. Upon a demurrer's being sustained to this answer and appellant's refusal to plead further, judgment· was entered that the sheriff's sale be vacated. The errors assigned involve the sufficiency of the complaint and answer.

The command of §744 Burns 1894, §732 R. S. 1881 and Horner 1897, is that "No property shall be sold on any ·execution or order of sale issued out of any court for less than two-thirds of the appraised cash value thereof, ·exclusive of liens and encumbrances, except where otherwise provided by law". Section 585 Burns 1894, §576 R. S. 1881 and Horner 1897, requires that "When a judgment is to be executed without relief from appraisement laws, it shall be so ordered in the judgment". Construing these two sections together, it is found that a judgment "without relief" can not rightfully be rendered unless the law provides for such a judgment in the particular case, and that, if the law does so provide, the judgment must be entered "without relief" or a sale thereunder without appraisement will be illegal. *Doe* v. *Collins*, 1 Ind. 24; *Doe* v. *Craft*, 2 Ind. 359; *Harris* v. *Makepeace*, 13 Ind. 560; *Culph* v. *Phillips*, 17 Ind. 209; *Evans* v. *Ashby*, 22 Ind. 15; *Fletcher* v. *Holmes*, 25 Ind. 458; *Tyler* v. *Wilkerson*, 27 Ind. 450; *Howe* v. *Dibble*, 45 Ind. 120; *Stotsenburg* v. *Same*, 75 Ind. 538; *Cox* v. *Bird*, 88 Ind. 142; *Lytton* v. *Baird*, 141 Ind. 446. The demurrer to the complaint was properly overruled.

The costs for which judgment was rendered were and could legally be only those made by the plaintiff Ola Brown which she had paid or was liable to pay to the officers for the counties mentioned in the answer. *Armsworth* v. *Scotten*, 29 Ind. 495; *Hays* v. *Boyer*, 59 Ind. 341; *Goodwin* v. *Smith*, 68 Ind. 301; *Keifer* v. *Summers*, 137 Ind. 106; *Mott* v. *State*, 145 Ind. 353; *Wilson* v. *Jenkins*, 147 Ind. 533. That the officers are authorized to collect costs from the parties who made them, by fee-bill, without relief from appraisement laws, is immaterial. And it is needless to inquire whether the judgment for costs could have been

legally rendered "without relief", since it was not "so ordered in the judgment". The answer was bad.

Appellant claims to be entitled to a reversal, even if the complaint is good and the answer bad, because appellee's demurrer to the answer challenged its sufficiency "to constitute a cause of action". Although it would not have been error if the court had overruled or stricken out the demurrer because it presented no question, the judgment will not be reversed on account of the sustaining of an informal demurrer to an answer that does not state facts sufficient to constitute a cause of defense. *Blue* v. *Capital Nat. Bank,* 145 Ind. 518; *Garrett* v. *Bissell, etc., Works,* 154 Ind. 319.

Judgment affirmed.