CHARLES A. GOUD *vs.* THE CITY OF PORTLAND.

Cumberland.    Opinion January 8, 1902.

*Public Officer.   Harbor Master.   Compensation.   Spec. Laws, 1849, c. 233.*

In an action to recover compensation for the plaintiff's services as Harbor Master of Portland harbor, *held;*

That this position is a public office created by legislative enactment and by an ordinance of the city council of the city of Portland, passed in accordance with the act of the legislature; and that, during the plaintiff's incumbency of this position, he was a public officer, not a mere agent or employee of the city:—

That as such public officer the plaintiff had no contractual relations with the city of Portland, and cannot recover upon an implied promise to pay what his services were reasonably worth, because his services were not rendered to, nor for the benefit of, the city.   He was entitled to such compensation as might be established by the city council and none other:—

That the plaintiff has failed to show that any salary was established by the city council of Portland for the office of Harbor Master for the period that he was an incumbent of this office.

Upon the contrary, the case shows that during the year prior to the plaintiff's election to the office, the city council passed an order to the effect that after the expiration of that municipal year there should be no separate salary attached to this office, but that the compensation for the services

of this officer should be included in the amount paid for the maintenance of a fire-boat; that during all the time that the plaintiff held the office of Harbor Master he was also captain of the fire-boat and received compensation for his services in the latter capacity, and that when he accepted the position of captain of the fire-boat and the office of Harbor Master, he was aware of the order passed by the city council to the effect that there should be no salary for the latter office and that his compensation as captain of the fire-boat was to include his salary as Harbor Master.

The plaintiff consequently is not entitled to recover upon any ground.

On report. Judgment for defendant.

Assumpsit for services as harbor master rendered the city of Portland. The case appears in the opinion.

*E. E. Heckbert; E. Foster and O. H. Hersey*, for plaintiff.

*C. A. Strout*, city solicitor, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

WISWELL, C. J. The plaintiff was harbor master of Portland harbor from Sept. 2, 1895, until May 9, 1899. In this action he seeks to recover compensation for his services in that capacity.

This position was a public office; during its incumbency by the plaintiff, he was a public officer, not a mere employee of the city. The office was created by legislative enactment, ( chap. 233 Private Laws of 1849) and by an ordinance of the city council of the city of Portland passed in accordance with this act of the legislature. This ordinance provided for the annual election of a harbor master; that he should hold office until his successor was appointed, except in the case of a removal; that he should be sworn to a faithful performance of his duties, and that he should receive such compensation for his services as the city council should establish. These are all characteristic features which distinguish an office from a mere employment. This office was the creation of the law for the purpose of carrying into effect the will of the sovereign power for the common good. See *Opinion of the Justices*, 3 Maine, 481 ; *Cobb* v. *City of Portland*, 55 Maine, 381, 92 Am. Dec. 598; *Hafford* v. *City of New Bedford*, 16 Gray, 297, and the very full collection of authority upon this subject in the note to *State* v. *Hocker*, 39 Fla., 477, in 63 Am. St. R., 174.

As such public officer the plaintiff had no contractual relations with the city of Portland. He was not its servant, agent or employee. He cannot recover upon an implied promise to pay what his services were reasonably worth, because his services were not rendered to, or for the benefit of, the city. He was entitled to such compensation as might be established by the city council, and none other. *Farwell* v. *Rockland*, 62 Maine, 296; *Prince* v. *Skillin*, 71 Maine, 361, 36 Am. Rep. 325; *Sikes* v. *Hatfield*, 13 Gray, 347.

The plaintiff has failed to show that any salary was established by the city council of Portland for the period that he was an incumbent of this office. In fact, the case shows that some time prior to the plaintiff's election to the office, the city council voted that after the expiration of the municipal year of 1894, there should be no separate salary attached to the office, but that the compensation for the services of this officer should be included in the amount paid for the maintenance of a fire-boat: the idea evidently being that the captain of the fire-boat should be harbor master and that the compensation for his services, in the former capacity, should include his salary in the latter office.

Prior to this, by a vote of the city council passed April 2, 1894, the salary of the harbor master was established at the sum of $450 per annum. But on Dec. 11, 1894, this order was passed by the city council: "Ordered, that the committee on fire department be and hereby is authorized to contract for the services of responsible parties to act as captain, engineer and fireman of the steamer Chebeague for a term not exceeding three years, and for a sum not exceeding $182.50 per month, during the continuance thereof. After the expiration of the present municipal year said sum to include the salary of harbor master, and when expended to be charged to the appropriation for fire department salaries." Subsequent to the passage of this order no salary for the office of harbor master was established by the city council.

Accordingly the predecessor of the plaintiff in office, one Chas. H. How, in the spring of 1895, following the passage of the foregoing order, was elected harbor master and captain of the fire-boat and held both positions until his resignation of both on Sept. 2, 1895.

He received no separate and additional salary as harbor master. During this period the plaintiff was engineer of the fire-boat under Capt. How, and was cognizant of the fact that the latter received no separate salary for his services as harbor master.

Just prior to the plaintiff's election as harbor master he was also appointed captain of the fire-boat and held both positions concurrently.

During that period he received his pay as captain of the fire-boat at the rate of $67.50 per month until May 18, 1896, and after that date at the rate of $75 per month. When he accepted the position of captain of the fire-boat and the office of harbor master, he must have been aware of the order above quoted to the effect that there should be no salary for this office, that no separate salary had been established therefor and that, in accordance with the intention of the city council, as expressed in this order, his compensation as captain of the fire-boat was to include his salary as harbor master.

The plaintiff was under no obligation to accept the office of harbor master. After his acceptance he was at liberty at any time to resign, but having accepted the office and continued in it under these circumstances, he cannot now recover any compensation upon any ground.

*Judgment for the defendant.*