## WATTS *v.* CITY OF PRINCETON.

[No. 7,342. Filed December 6, 1911.]

1. MUNICIPAL CORPORATIONS.—*Boards of Health.—Physicians.—Salaries.—Ordinances.—Complaint.*—A complaint alleging that an epidemic spread over defendant city, that the mayor appointed the plaintiff as a member of the city board of health, that the mayor and council agreed to pass an ordinance providing a salary for such position of not to exceed one hundred dollars a year, that plaintiff accepted such position and performed all the services required, of the value of one hundred dollars, and that the council refused to pass any ordinance respecting salaries for the members of such board, is insufficient, the statute (§8838 Burns 1908, Acts 1905 p. 219, §213) providing that such board, except the secretary "shall each receive a salary to be fixed by ordinance not exceeding $100 per year." pp. 36, 39.

2. MUNICIPAL CORPORATIONS.—*Boards of Health.—Officers.—Salaries.*—The members of a city board of health are public officers; and the salaries of the members of such board are fixed by the common council of such city. p. 38.

3. OFFICERS.—*Fees.—Salaries.*—Public officers can collect salaries and fees only where explicitly authorized by statute. p. 39.

From Gibson Circuit Court; *Oscar M. Welborn,* Judge.

Action by Edwin E. Watts against the City of Princeton. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Harvey Harmon,* for appellant.
*John W. Brady,* for appellee.

HOTTEL, J.—This was an action brought by appellant against appellee for services rendered by appellant as a member of the board of health and charities of said city.

The complaint is in two paragraphs, to each of which a demurrer was sustained for want of facts, and judgment was rendered in favor of appellee.

The errors assigned are the rulings on said demurrers.

The two paragraphs of complaint are practically the same, except that the second paragraph alleges that a new

mayor, who succeeded the one who appointed appellant, failed to appoint a new board of health.

For the purposes of the question presented by the rulings on the demurrers, the two paragraphs may be treated as identical.

The substance of the first paragraph is as follows: The defendant, during the years 1905, 1906, 1907 and 1908, was a city of the fifth class. On November 3, 1905, said city "was being swept by epidemics of diphtheria and scarlet fever," causing many of its citizens to become sick and many of them to die. Prior to said epidemics said city had never had a "board of health and charity," as required by law, and on account of said epidemics an emergency arose for the appointment of such board, to the end that such epidemics might be checked, and proper quarantine regulations made and enforced. On said November 3, Arthur P. Twineham as mayor of said city had the power to appoint said board of health, and asked appellant to accept a place on said board. Appellant accepted such position, and he and the other members of said board were by said mayor appointed to serve as such commissioners until such time as their respective successors should be appointed and qualified, and said appointments were on said date concurred in by the common council of said city. On said date, at a regular meeting of said council, and before appellant's said appointment and acceptance, he was informed that, if he would accept such appointment, an ordinance would be passed by the common council, at a later meeting, providing a salary for him and said other commissioners, "in a sum not to exceed $100 a year for each of them." Appellant was informed by said mayor and the members of said council that, on account of said epidemics, it was necessary that his services should begin at once, and before such salary ordinance was passed, and that such ordinance could not be passed except by unanimous consent. Appellant and the other members of said board, relying on said promise so

made by such mayor and members of said council, accepted said appointment, and at once entered upon the discharge of their respective duties. Charles F. Diefendorf, the secretary of said board, has been paid for his services at the rate of $100 a year since said date. Appellant, as a member of such board, performed all the duties required of him, and on numerous occasions since his appointment requested said council to pass said ordinance providing for his salary, but said council refused and still refuses to pass such ordinance. On November 6, 1908, appellant rendered his bill to said city and its common council, asking pay for said services from November 3, 1905, to November 6, 1908, which bill was filed with the clerk of said city, and on December —, 1908, said common council, in regular session, refused to pass any ordinance providing for such payment, and refused to pay for said services, and still refuses to pay him any amount whatever.

Said services were rendered by appellant at the special instance and request of said mayor and the members of the common council of said city, and "were reasonably worth $100 a year," and continued from November 3, 1905, to the time appellant filed his complaint. Appellant received no pay of any kind for such services, and said sum asked for is wholly due and unpaid. Judgment is demanded in the sum of $400.

The statute providing for the appointment of the members of a board of health (§8838 Burns 1908, Acts 1905 p. 219, §213), makes provision for their compensation as follows: "Such commissioners, except the secretary, shall each receive a salary to be fixed by ordinance not exceeding $100 per year."

This complaint alleges that the common council of said city never passed any ordinance fixing the salary of any member of said board of health, but appellant insists that this allegation does not render the complaint insufficient as against demurrer, in view of the other allegations, showing

the emergency under which said board was appointed, and the agreement between the common council and mayor of said city and this appellant at the time said appointment was made and accepted, to the effect that such ordinance would be passed; that under said facts said city is bound by an implied contract to pay the reasonable value of the services so performed by appellant for said city. It is upon this theory that appellant insists that the complaint was good as against a demurrer. Appellant in his brief urges the following question: ''The only question   *   *   *   in this case is   *   *   *   whether or not appellant,   *   *   * acting as a member of the board of health,   *   *   *   when no definite salary had been fixed by ordinance,   *   *   *   is entitled to recover a reasonable compensation for his services.''

He insists that while so acting he was ''an employe of the city, not an officer, within the strict meaning of the 2.   term.'' In this contention he is not supported by the authorities.

The statute that authorized and created the board of health, recognizes and treats such board as one of the executive departments of the city. §§8684, 8838 Burns 1908, Acts 1905 p. 219, §§82, 213.

In characterizing the duties of a board of health, this court, in the case of *Williams* v. *City of Indianapolis* (1901), 26 Ind. App. 628, 630, said: ''The duty thus imposed upon the board is governmental. It acts for the public, not as the agent of the municipality in its corporate character.''

See, also, *Town of Laurel* v. *Blue* (1891), 1 Ind. App. 128; *Board, etc.,* v. *Boswell* (1892), 4 Ind. App. 133; *State, ex rel.,* v. *Beil* (1901), 157 Ind. 25; *Summers* v. *Board, etc.* (1885), 103 Ind. 262, 53 Am. Rep. 512; *Wendell* v. *City of Brooklyn* (1859), 29 Barb. (N. Y.) 204; *Goud* v. *City of Portland* (1902), 96 Me. 125, 51 Atl. 820.

By the express provision of the statute creating the board in this case, the compensation of its members was left to the

discretion of the common council of such city, to be by it expressed in an ordinance passed for that purpose. The legislature thereby, in the creation of said board, expressly lodged in such common council the power to determine and fix such salary.

In the case of *Legler* v. *Paine* (1897), 147 Ind. 181, the court said: "It has always been the law that an officer is entitled only to the fees allowed by statute, and that

3. before and such allowance is made him he must point out the particular statute authorizing the allowance."

See, also, *Rawley* v. *Board, etc.* (1830), 2 Blackf. 355; *Board, etc.,* v. *Johnson* (1891), 127 Ind. 238; *Stiffler* v. *Board, etc.* (1891), 1 Ind. App. 368; *City of Brazil* v. *McBride* (1879), 69 Ind. 244; *Noble* v. *Board, etc.* (1885), 101 Ind. 127; *Wood* v. *Board, etc.* (1890), 125 Ind. 270.

In the case of the *Board, etc.,* v. *Wasson* (1881), 74 Ind. 133, 141, the court said: "It must be equally clear, that where the law prescribes the mode in which city officers shall be paid, that mode must be followed." See, also, *City of Logansport* v. *Crockett* (1878), 64 Ind. 319.

To the same effect are the decisions of the courts of other jurisdictions. *Wendell* v. *City of Brooklyn, supra; Goud* v. *City of Portland, supra; State, ex rel.,* v. *McDowell* (1886), 19 Neb. 442, 27 N. W. 433.

Upon this subject, the supreme court of Nebraska, in the case last cited, said: "Where the statutes authorize the municipality to pay its officers salaries within certain limits, the amount to be determined by ordinance, no compensation whatever can be paid until an ordinance is passed."

Appellant cites the sections of the statute authorizing the mayor and the common council of a city to bind such city, without an ordinance, for necessary expenses con-

1. tracted in preventing or limiting the spread of diseases, and also a line of cases which holds that persons, other than officers of a city, who have rendered specific services or furnished specific materials under circumstances

of emergency may recover the value thereof, though no ordinance was passed by such council authorizing the incurring of such °expense. But appellant is here suing for services rendered as a member of the board of health, and the sections of the statute and authorities cited have no application.

In none of the cases cited by appellant, nor in any that we have examined, do we find where any court has held that a city is liable to one of its officers, or its appointees on any of its boards, upon an implied contract for services rendered as such officer, or as a member of such board, where the legislature, in creating such office or board, expressly provided that the salary of such officer or member of such board should be fixed by an ordinance of the common council. On the other hand, we think the authorities on the subject, especially those cited and quoted from, are all to the effect that such officer, or the member of such board, is limited to the compensation fixed by such ordinance, and until such ordinance is passed, fixing such salary, he has no cause of action for such services that he can enforce in the courts.

Under these holdings, no error was committed by the court below in sustaining the demurrer to each paragraph of appellant's complaint.

Judgment affirmed.