## EDDY *v.* HONEY CREEK TOWNSHIP OF WHITE COUNTY.

[No. 9,165. Filed January 11, 1917.]

1. PLEADING.—*Demurrer to Answer.—Sufficiency.—Statute.*—Under §351 Burns 1914, §346 R. S. 1881, providing that a demurrer may be filed to answers where the facts stated therein "are not sufficient to constitute a cause of defense," a demurrer alleging "that the facts stated in each of said paragraphs of answer are insufficient to avoid the cause of action stated in plaintiff's complaint," does not follow the language of the statute and is insufficient to present any question, especially where each of the paragraphs of answer present only a partial defense. p. 529.

2. ANIMALS.—*Township.—Liability for Swine Killed by Dogs.— Nature of.—Compliance with Statute.*—The right to indemnity from townships for swine killed by dogs is solely statutory, and must be asserted in substantial compliance with the conditions in the law creating it. p. 531.

3. ANIMALS.—*Liability of Township for Stock Killed by Dogs.— Report to Township Trustee.—Statute.*—Under §3269 Burns 1914, Acts 1897 pp. 178, 181, providing that owners of live stock maimed or killed by dogs "shall within ten days from the time thereof," report certain facts under oath to the township trustee in order to obtain compensation for the damage suffered, the report must be made within ten days after the injury, regardless of when the animal died. p. 531.

From White Circuit Court; *Henry H. Vinton,* Special Judge.

Action by Harry C. Eddy against Honey Creek township of White county. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Sills & Sills,* for appellant.

*Emory B. Sellers,* for appellee.

BATMAN, J.—This was a suit by appellant against appellee to recover damages under §3269 Burns 1914, Acts 1897 p. 178, 181, on account of the killing, by a dog, of certain swine belonging to appellant. The amended complaint alleges, among other things, that certain of such swine died and were killed on the 10th, 12th, 14th, and 28th days of July, 1910, respectively; that within ten days from the killing of each of said swine, the plaintiff filed with the trustee of said township his claim and report of such killing, stating therein the number of the swine and the age and value of each, in which report and claim he was joined by John N. Bunnell and Levi Reynolds, two disinterested and reputable freeholders and householders of said township.

To this amended complaint the appellee filed a paragraph of answer in general denial, which was subsequently withdrawn, and two affirmative paragraphs, designated as second and third. The second paragraph of answer contains, among other things, the following allegations: "The defendant for further answer to so much of said complaint as seeks to recover for the killing of one brood sow, two years old, being plaintiff's amended complaint herein, says that on the 4th day of July, 1910, the one brood sow, two years old, mentioned in the complaint, was bitten by a dog afflicted by hydrophobia, which dog did not belong to the plaintiff and was not harbored by him. He further says that said dog was killed on or before July 5th, 1910. That said dog did not bite or otherwise injure said hogs later than July 5th, 1910. That said sow died on July 28th, 1910." It then alleges, in substance, that the appellant did not make any report to the trustee of such township of the maim-

ing and killing of the hogs until August 2, 1910, which date was more than ten days after the injury had been inflicted upon said animal by the dog.

The third paragraph is likewise a partial answer, and contains substantially the same allegations as the second, except that it applies to the remaining stock mentioned in the complaint, alleging that the injury was inflicted on or about July 5, 1910, fixing the dates on which the same died as the 10th, 12th, and 14th days of July, 1910, respectively, and further alleging that no report of the injury inflicted on July 4, 1910, was filed with the trustee of the township until July 16, 1910, and that as to one of the hogs, no report was filed until August 2, 1910.

The appellant demurred separately to each of said paragraphs of answer, which demurrer was overruled and the proper exceptions were reserved. The appellant refused to plead further, and judgment was thereupon rendered in favor of the appellee.

The appellant has assigned as the sole error, on which he relies for reversal, the action of the court in overruling his separate demurrer to the second and the third paragraphs of his answer. The appellee advances two theories on which the ruling of the court below was proper: (1) That appellant's demurrer was not in the proper form to raise any question as to the sufficiency of either of such paragraphs of answer; (2) that each of such paragraphs of answer alleges facts which show that the reports of such injuries made by the appellant to the township trustee were not filed within ten days from the time thereof, as required by §3269 Burns 1914, *supra.*

The separate demurrer filed by appellant to the second and third paragraphs of answer contains the following as the ground thereof: "That the facts stated in each of said paragraphs of answer are insufficient to avoid the cause of action stated in plaintiff's com-

plaint.'' The Code provides but one form of demurrer to an answer, viz.: that it does not state facts "sufficient to constitute a cause of defense." This provision is found in §351 Burns 1914, §346 R. S. 1881, and must be substantially followed. The courts have held the following alleged grounds of demurrer to an answer to be insufficient to present any question, viz.: " 'It does not state facts sufficient to make a good answer to the complaint.' " *Dawson* v. *Eads* (1895), 140 Ind. 208, 39 N. E. 919; " 'that neither of said paragraphs constitutes any defence to this action.' " *Reed* v. *Higgins, Admr.* (1882), 86 Ind. 143; that it does " 'not state facts sufficient to constitute a bar to the plaintiff's complaint.' " *Hildebrand* v. *McCrum* (1885), 101 Ind. 61; " 'that neither of said paragraphs of answer state facts sufficient to bar the plaintiff's action.' " *Angaletos* v. *The Meridian Nat. Bank, etc.* (1891), 4 Ind. App. 573, 31 N. E. 368. It is quite apparent that if a demurrer to a paragraph of answer, which alleges that it does not state facts "sufficient to bar the plaintiff's action," is insufficient in form to raise any question, one that alleges that the facts stated in a paragraph of answer are "insufficient to avoid a cause of action," likewise does not raise any question. This is especially true in this case, since each paragraph of answer to which the demurrer is addressed 'is a partial answer only, and might be good as such, without stating facts "sufficient to avoid the cause of action stated in plaintiff's complaint". We, therefore, hold that the demurrer raises no question, as to the sufficiency of either paragraph of the answer.

But even if such demurrer had been in statutory form, there would have been no error in overruling the same, as each paragraph of the answer to which it is addressed states facts sufficient to constitute a cause of defense. This conclusion involves the construction of §3269 Burns 1914, *supra*, which provides, among other things, that: "The owners of sheep, cattle, swine, horses, and other live stock or fowls killed, maimed or damaged by dogs, shall within ten days

from the time thereof, report to the trustee of the township under oath" certain facts with reference to such injury and damages.   Each of said paragraphs of answer state facts showing that such hogs were injured, having been bitten by a dog on a certain date, and that no report was made to the trustee of such township until more than ten days after such injury; but that a report thereof was made to the trustee of the township, within ten days from the death of such animals, following such injury.   Appellant claims that it is a sufficient compliance with the statute where the required report is made within ten days from the death of the animals injured; while appellee contends that the report must be made within ten days from the time of the infliction of such injury, regardless of the time of the death of such animals.

It does not appear that this particular question has been decided by this court or the Supreme Court.   No such decision has been cited, and our investigation discloses none. We must, therefore, determine it from the language of the statute itself.   In determining this question, it would be well to remember that there is no common-law right

2.   to indemnity from the township for swine killed or injured by dogs, but that such right is statutory and must be asserted in substantial compliance with the conditions in the law creating it.   The requirement as to making such report is mandatory, and there can be no recovery from the township until it has been fulfilled. *Abell* v. *Prairie Civil Tp.* (1892), 4 Ind. App. 599, 31 N. E. 477.   The statute provides that upon such injury

3.   being inflicted, the owner "shall within ten days from the time thereof, report to the trustee of his township under oath" certain facts.   It is apparent that the words, "from the time thereof," refer, and can refer, only to the time of the injury, and have no reference whatever as to whether the animal so injured dies or recovers.   It was evidently the intention of the legislature to fix a definite time in which the owner should report to the township trustee in

order to receive compensation, so that the matter might be brought to his notice while the facts were fresh, in order that he might investigate and protect the fund in his hands from wrongful and excessive claims. Such provisions would be of little value if no definite time were fixed from which the designated period of ten days should begin to run, so the legislature evidently intended from the language used that such time should begin to run from the infliction of such injury, regardless of the results thereof.

Appellant claims that the statute requires certain facts to be stated under oath, in the report of such injury, that can only be stated after the results thereof are known, and urges this as a reason for the construction of the statute for which he contends. We do not concur in this view. If an owner of stock injured by a dog were not required to make a report until within ten days from the time the result of the injury was known, the value of the provision requiring the report would be largely destroyed. Under such a construction, if the injured animal died, the ten days might begin to run from such death; but if the animal should survive, after lingering between life and death for weeks or months, when would such ten-day period begin to run? Who could say when the recovery was sufficient to set the ten-day period in motion? The statute does not provide one time for the ten-day period to begin to run where the injured animal survives and another time where such animal dies, but one time in either event, viz.: ten days from the infliction of such injury. The legislature might have fixed the time otherwise, but it did not see fit to do so and we are bound by the statute as written.

It may be, as appellant urges, that the extent of the injury inflicted and the amount of damages sustained cannot be accurately ascertained until the final result is known, but this fact would not lead to a different construction of the statute. The same fact might be urged with equal force as to personal injuries, and yet all actions for such

injuries must be brought within a period of two years from the time the right accrues, or they are barred; notwithstanding the fact that the result of any such injury may remain more or less uncertain for many years. Resort is had to the common experience of men, the opinions of experts, and like means to determine the permanency of the injury and the amount of damages, rather than deferring a right of action until the results are definitely known.

We therefore conclude that each of said paragraphs of answer alleges facts sufficient to constitute a cause of defense. We find no error in the record, and the judgment is therefore affirmed.

NOTE.—Reported in 114 N. E. 783.