## EICKMIER v. GEDDES.

[No. 10,312.   Filed April 6, 1920.]

1.  APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Separate Causes.*—It is not reversible error to overrule a motion to separate causes of action.   p. 169.

2.  EVIDENCE.—*Contracts.*—*Oral Negotiations.*—*Merger.*—In a real estate broker's action on a written contract to recover compensation for arranging an exchange of lands, where defendant did not deny the execution of the contract, in the absence of fraud, the time or nature of negotiations prior to the execution of the contract is immaterial, as such negotiations were merged in the written contract.   p. 169.

3.  BROKERS.—*Real Estate Brokers.*—*Action for Commissions.*—*Complaint.*—In a real estate broker's action on a written contract to recover compensation for arranging an exchange of lands, a complaint alleging that defendant failed and refused to pay, without alleging the date thereof, is sufficient.   p. 169.

4.  PLEADING.—*Demurrer to Answer.*—*Sufficiency.*—A demurrer to an answer on the ground that it does not state facts sufficient to constitute an answer to the complaint is insufficient in form.   p. 169.

5. BROKERS. — *Contract Fixing Compensation.* — *Acceptance.*— Where a real estate broker prepared a contract for the exchange of lands which stipulated that a certain party was to pay his commission, the execution of such contract was a sufficient acceptance thereto by the broker.   p. 170.

6. APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Demurrer.* —Sustaining a demurrer to an answer is harmless, although the demurrer is insufficient in form, where the answer fails to state facts sufficient to constitute a cause of defense.   p. 170.

7. DISCOVERY.—*Interrogatories Filed With Pleading.*—*Striking Out.*—It was not error for the trial court to sustain a motion to strike out interrogatories to plaintiff, where they were not pertinent to the issues, and the answers thereto could not have aided defendant in adapting his pleadings to the facts in the case.   p. 170.

From Vigo Circuit Court; *Charles L. Pulliam,* Judge.

Action by John F. Geddes against Charles Eickmier. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Orph M. Hall,* for appellant.
*Duff Caldwell,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant on a broker's contract. The complaint avers in substance that appellee is a real estate broker, and as such did on the —— day of January, 1917, enter into an agreement with appellant whereby he was to procure for appellant a purchaser, or one willing to trade, for a certain farm owned by appellant and located in Pulaski county, Indiana. That appellee found such person willing to trade upon terms satisfactory to appellant, with whom appellant entered into a written contract in which appellant agreed to trade his farm, and in which he also agreed with appellee that the amount of his compensation should be $280. There is an averment of failure and refusal to pay, and that the amount is due, with a demand for judgment. The written contract, which is made "Exhibit A" of the complaint, is a contract between appellant and one Judy for mutual exchange of

real estate, appellant exchanging his said farm, with adjustment of differences in value of the tracts exchanged, and with provisions as to encumbrances, insurances, taxes, abstracts, forfeiture for failure to perform, and for possession, and finally with the agreement that: "Party of the second part (appellant) agrees to pay J. F. Geddes a commission of $280.00 in full settlement of this deal. The agreement is signed, "J. F. Judy, Chas. Eickmier, J. F. Geddes."

Appellant filed a motion to separate causes, which was properly overruled. There is but one cause of action, and if there were two it is not available error to overrule a motion to separate. *Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581; *LaPlante* v. *State, ex rel.* (1898), 152 Ind. 80, 83, 52 N. E. 452. He then filed a motion to make more specific, which was overruled. The first four of the specifications of the motion pertain to the negotiations preceding the day of executing the contract of sale, and agreement to pay a commission. As appellant does not deny the execution of the contract, in the absence of fraud, which question is considered hereinafter, the time or nature of such negotiations can make no difference in the result, as they are merged in the written contract finally entered into. *Woodall* v. *Greater* (1875), 51 Ind. 539; *Cole* v. *Gray* (1894), 139 Ind. 396, 407, 38 N. E. 856; *Buckeye Mfg. Co.* v. *Woolley, etc., Works* (1900), 26 Ind. App. 7, 13, 58 N. E. 1069. As to the fifth specification, it is sufficient to allege that appellant failed and refused to pay, without alleging the date thereof. There was no error in this ruling.

Appellant answered in four paragraphs, the first being a general denial; the second admits listing the real estate for sale or trade and that appellant signed the contract, and then avers great

confidence in appellee, but that appellant, after he had signed the contract, learned that appellee had also represented the other party in the transaction. There is no averment of fraud or injury. The third avers substantially the same as the second, with the additional averment that appellee prepared the contract, and that appellant never saw it until it was sent to him for his signature. The paragraph avers that appellee's actions were fraudulent, but does not aver in what the fraud consisted. The fourth avers that appellant rescinded said contract at least three weeks before appellee brought his action, and that appellee gave no notice of his acceptance of the contract until a few minutes before he filed his action. Appellee filed a demurrer to the second, third and fourth paragraphs of answer, for the reason that each of said paragraphs does not state facts sufficient to constitute an answer to the complaint. Such demurrer was insufficient in form, and appellant's motion to strike out might well have been sustained (*Eddy* v. *Honey Creek Tp.* [1917], 63 Ind. App. 527, 114 N. E. 783), but, if it was error to overrule such motion, it was harmless, as none of said paragraphs of answer stated facts "sufficient to constitute a cause of defense." The second and third paragraphs of answer are not sufficient as charges of fraud; and, as to the fourth, the execution of the contract was an acceptance thereof, and appellant's alleged rescission, without some valid reason for such action, would not relieve appellant from the terms thereof. The same reasoning applies to the ruling of the court in sustaining such demurrer. *Bollman* v. *Gemmill* (1900), 155 Ind. 33, 57 N. E. 542.

Appellant submitted twelve interrogatories to appellee, which, on motion of appellee, were stricken out. There was no error in this ruling. Such interrogatories were not pertinent to the issues,

and could not have aided appellant in adapting his pleadings to the facts in the case. *Meyer, Admr.,* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439, 43 N. E. 448. Nothing can be gained by setting out these interrogatories and discussing them separately.

We have examined the evidence, and we hold that the court committed no error in directing a verdict for appellee.

The judgment is affirmed.