Argued at Pendleton, May 7, affirmed June 25, rehearing denied July 30, 1929.

## GEORGE W. CHANDLER *v.* CITY OF ELGIN.

(278 Pac. 581.)

For appellant there was a brief and oral argument by *Mr. L. Denham*.

For respondent there was a brief and oral argument by *Mr. Jesse Crum*.

BEAN, J.—There are but two questions involved in this appeal, the first one of which may be stated as follows: Where the charter of a municipal corporation provides a method of fixing the salaries of its officers, is it possible to fix them in any other manner? If so, is the officer, by accepting the salary so fixed, precluded from questioning the procedure? We will dispose of this question before stating the other.

■ Section 6 of Article VI of the charter of the City of Elgin provides:

"The council shall, by ordinance, fix the compensation and fees of all officers entitled thereto under this act."

If the strict construction rule applies to city charters, it will readily be seen that the fixing of salaries in any other manner than by ordinance would be void.

The Iowa court, in speaking of city charters, in the case of *City of Des Moines* v. *Gilchrist et al.*, 67 Iowa, 210 (25 N. W. 136, 56 Am. Rep. 341), has the following to say:

"When a thing is directed to be done through certain means or in a particular manner, there is implied an inhibition upon doing it through other means or in a different manner."

Our own court in the case of *Twohy Bros. Co.* v. *Ochoco Irrigation District et al.*, 108 Or. 1 (210 Pac. 873, 216 Pac. 189), used the following language:

"A grant of power, whether private or public in its nature, the exercise of which is restricted and limited to a specified mode, is uniformly construed by the courts to exclude the exercise of the power in any other manner, and to inhibit the municipality from any exercise of the power except as provided by the statute." (Citing many authorities.)

To the same effect see *Cole* v. *Seaside*, 80 Or. 73 (156 Pac. 569); McQuillin, Municipal Corporations, (2 ed.), § 547.

■ The defendant insists that even though the council could not change the compensation by motion, plaintiff by his actions is estopped from questioning the procedure. The record discloses that at the end of each month plaintiff presented his bill for services rendered and specified the amount due him, which amount always conformed to the amount authorized by the council. The record further shows that his bill was always paid and that at the time of receiving his warrant he always signed a receipt in full payment up to that date. Justice ROBERT S. BEAN, in the case of *De Boest* v. *Gambell*, 35 Or. 368 (58 Pac. 72, 353), quoting from the case of *O'Hara* v. *Town of Park River*, 1 N. D. 279 (47 N. W. 380), announced the following:

"It is true that a party cannot, before election to office, bind himself by an agreement to receive less salary, if elected, for the performance of the duties of such office than the law fixes. But after the performance of the services the party may receive less compensation therefor than the legal salary, if he choose so to do. And where he renders a bill purporting to cover such services, and the whole thereof, and such bill is allowed and paid as rendered, and payment accepted without objection or protest, it amounts to an adjudication, and, in the absence of

surprise, accident, or mistake of fact, cannot be re-opened. Parties cannot so divide their claims and present them by installments.''

Thus it will be seen that this court is committed to the doctrine announced above. This we believe to be the law, in accord with the great weight of authority and controlling here.

The second question growing out of this controversy is based upon the following facts. Plaintiff claims that in addition to being city marshal, he was also street commissioner, which, according to the charter, is a separate and distinct office carrying a separate and additional salary. Defendant contends that while plaintiff was performing the duties of street commissioner, he was doing so in the capacity of marshal and that no other salary should or was intended to attach. In other words, the city insists that the duties of street commissioner had diminished to such a point that they were no longer justified in retaining the office as such, and because of this the office had been abandoned many years previous. With the abandonment of the office the work had been delegated to the marshal who had always performed it without claim for extra compensation.

It is the position of plaintiff that this issue is settled by the pleadings because of certain allegations contained in the answer and admitted in the reply. Without entering into a discussion of the pleadings at this time, it is sufficient to say that we do not so interpret them. Viewing them as we do, we are inclined to consider this an open question and will proceed to dispose of it.

We find considerable similarity between this question and the one just discussed. Here we have the plaintiff performing the duties of marshal and,

if you like, those of street commissioner also, for many years. All of the time he has requested and been paid the salary of marshal only. His acquiescence would indicate that he was perfectly satisfied with the arrangement. Now, for the first time after being defeated for re-election, he lays claim to the salary of street commissioner. Without resting our decision upon these grounds, let us look at it from another point of view.

■ Granting, for the sake of argument only, that plaintiff held the two offices, does it follow as a corollary that he could collect the two salaries? As an indication of the trend of public policy along this line, we notice that most of the state Constitutions inhibit state officers from holding more than one public office at any one time. That the frown of public opinion should so attach, as it has always done, is, we think, just as it should be. In this connection we quote from Section 550 of the second edition of McQuillin, Municipal Corporations:

"Usually an officer cannot draw the salaries of two or more offices or positions, and, generally speaking, he is limited to the compensation fixed by law, notwithstanding he is required to perform other public duties to which fees may be attached."

Then the author cites the cases of *Redwood* v. *Grimmenstein*, 68 Cal. 515 (9 Pac. 562); *Goud* v. *Portland*, 96 Me. 125 (51 Atl. 820), which seem to support the text. Incidentally the last case discusses the question of a public officer recovering upon *quantum meruit*.

As we have indicated, we hold that even though plaintiff held the two offices, if there were two, and even though he may have faithfully performed the

duties attached to them, still he could only recover the one salary.

■ Plaintiff complains of the allowing of *per diem* and mileage to witness C. I. Hazen, who was the mayor of the city at the time of the trial, and to witness Frank Hallgarth, who was also an officer of the city at that time. This objection is untenable: 40 Cyc. 2182, 2183; 28 R. C. L., Witnesses, § 246.

Finding no error in the record, the judgment of the trial court is affirmed.

AFFIRMED. REHEARING DENIED.

MCBRIDE, RAND and ROSSMAN, JJ., concur.