TOLBERT *v*. STRATTON.

[No. 15,182. Filed February 18, 1936. Rehearing denied April 24, 1936.]

*John Browder,* for appellant.

*Raymond F. Murray,* for appellee.

WOOD, J.—Appellee brought suit against appellant for personal injuries sustained by her when she broke through the floor of a store room occupied by her husband as a tenant of the appellant, because of the negligent failure of the appellant to maintain said premises in a safe condition for the occupancy thereof by the tenant in accordance with the contract of tenancy existing between appellant and appellee's husband. The sufficiency of the facts pleaded in the complaint to state a

cause of action was not questioned. The issues were closed by an answer in general denial. The cause was tried to the court without a jury, resulting in a finding and judgment for appellee. Within due time appellant filed a motion for a new trial which was overruled. Appellant appeals, assigning as errors for reversal the action of the court in sustaining the motion of appellee to strike out certain interrogatories submitted to her by appellant, and the overruling of appellant's motion for a new trial. We will dispose of these assigned errors in their order.

Appellant submitted a set of interrogatories to appellee pursuant to Sec. 2-1028, Burns 1933, Sec. 132, Baldwin's Ind. St. 1934. We have examined all the interrogatories stricken out on motion of the appellee. They were not pertinent or germane to the issues and answers to them would not have aided appellant in adapting his pleadings to the facts in the case nor in the trial thereof. It was not error to sustain this motion. *Meyer* v. *Manhattan, etc., Co.* (1895), 144 Ind. 439, 43 N. E. 448; *Combs* v. *Union, etc., Co.* (1897), 146 Ind. 688, 46 N. E. 16; *Eickmeir* v. *Geddes* (1920), 73 Ind. App. 167, 126 N. E. 859.

We will consider only those causes for a new trial discussed in appellant's brief. He first complains of the action of the trial court in admitting in evidence a photograph of the floor and surroundings at the location where the accident occurred. The record shows that before the photograph was admitted in evidence, the court by means of preliminary examination, satisfied itself that the photograph was an exact likeness of the scene of the accident at the time it occurred. It was not error to admit the photograph in evidence. *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149.

Finally the appellant says that the decision of the

court is not sustained by sufficient evidence and is contrary to law. We have examined the evidence and find it sufficient to sustain the decision of the court, and the decision is not contrary to law.

All questions presented by appellant's brief for a reversal of this cause have been considered.

Finding no error the judgment is affirmed.