CITY OF LEBANON v. DALE.

[No. 16,941.   Filed February 1, 1943.   Rehearing denied February 20, 1943, Transfer denied March 19, 1943.]

*Thomas O. Beck,* and *Parr, Parr & Parr,* all of Lebanon, for appellant.

*Ira M. Sharp,* of Thorntown, and *Roscoe Hollingsworth,* of Lebanon, for appellee.

CRUMPACKER, J.—This action was brought by the appellee, Carl W. Dale, in the Boone Circuit Court to recover money he claims to be due him from the appellant, City of Lebanon, for so-called "additional salary" alleged to have been earned by him while mayor of said city for services rendered in connection with the operation of its water works and sewage disposal plant.

As the sole question presented by this appeal goes to the sufficiency of the complaint, we deem it advisable to set out the material allegations thereof in detail. In

substance it is alleged that the appellee was elected mayor of the City of Lebanon, a fifth class city, in the general election of 1934. He qualified and took office on January 1, 1935, and served continuously thereafter until the first day of January, 1939, during all of which time he performed the duties imposed by law upon mayors of cities of the fifth class. That the appellant, at all times while the appellee so served as its mayor, owned and operated a water works and a sewage disposal plant and under certain provisions of chapter 233 of the Acts of the General Assembly of the State of Indiana for the year 1933, the appellee alleges he is entitled to the sum of $480.00 per year as compensation for the additional duties and responsibilities imposed upon him by reason of the ownership and operation of said public utilities by the appellant. That notwithstanding the provisions of the law above mentioned, the common council of the City of Lebanon failed to pass an ordinance fixing the additional salary therein provided, and that there is now due and owing to him from the appellant the sum of $1,920.00 together with interest at six per cent per annum from the 18th day of September, 1940, upon which date he made formal demand for payment. To this complaint a demurrer for want of facts was filed and overruled by the court. The appellant refused to plead further, whereupon the court rendered judgment for the appellee in the sum of $1,920.00 and costs, and in due course this appeal was perfected.

Appellee's cause of action is founded directly upon § 21 of chapter 233 of the Acts of the General Assembly for 1933, § 48-1233, Burns' 1933, § 11414, Baldwin's 1934, and his complaint, if it is to be held sufficient, must plead a cause clearly within the purview of that statute as it may be regarded as settled

law in this State that one who seeks the benefits of a statute must bring himself squarely within its provisions. *Eddy* v. *Honey Creek Tp.* (1917), 63 Ind. App. 527, 114 N. E. 783; *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 103 N. E. 950; *Watts* v. *City of Princeton* (1911), 49 Ind. App. 35, 96 N. E. 658. Whether or not the appellee has done so in the instant case depends wholly upon the construction of the statute upon which his action rests, considered in the light of and in relation to other pertinent legislation. The statute involved, or that portion pertinent to the question under consideration, reads as follows:

"The common council of each and every city shall, by ordinance duly enacted on or before the first Monday in September, 1933, and thereafter on or before the first day of April of the year in which elections for election of city officers are held, fix the annual salaries of all officers provided for in this act at not to exceed the amounts herein specified, and such salaries when so fixed for such officers shall not be changed during their respective terms of office. The salaries as herein authorized shall be in full for all services performed for the city including services for any public utility or utilities owned and operated by such city; except that the common council of any city which owns and operates a public utility or utilities shall, by ordinance duly enacted on or before the first Monday in September, 1933, and thereafter on or before the first day of April in the years in which elections for election of city officers are held, provide that the mayor, city attorney, city civil engineer, and city controller of such city may receive, from the funds of such utility or utilities, a salary in addition to the annual salary herein otherwise authorized, which additional salary shall not exceed the sum total of six hundred dollars [$600] per year."

The appellant earnestly contends that under the terms of this statute the right of the appellee to a salary in

addition to his annual salary as mayor of the City of Lebanon rests wholly within the discretion of the common council of said city, and as his complaint affirmatively shows that no ordinance in the exercise of such discretion was ever passed, it is fatally defective. The appellee with equal earnestness insists that said statute is a mandate to the common council of the City of Lebanon to provide such additional salary by the timely passage of an appropriate ordinance, and the failure of the common council so to do is immaterial to his cause of action because, in legal effect, this court must consider such an ordinance as having been in fact passed.

The primary object of statutory construction is to ascertain and effectuate the intent of the Legislature as shown by the whole act, the law existing before its passage, the changes made and the apparent motive for making them. *Bettenbrock* v. *Miller* (1916), 185 Ind. 600, 112 N. E. 771; *Haines Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 114 N. E. 758; *State, ex rel.* v. *Continental Ins. Co.* (1918), 67 Ind. App. 536, 116 N. E. 929.

While the section of the statute here under consideration leaves much to be desired in the way of definiteness and clarity, we are of the opinion that when it is read in connection with other statutes pertaining to the salaries of mayors of cities of the fifth class, and to the management and operation of public utilities owned by such cities, there is no great difficulty in determining the intention of the Legislature as therein expressed.

Chapter 233 of the Acts of the General Assembly for 1933 concerns the classification and government of civil cities, and § 1 thereof places the City of Lebanon in the fifth class effective at 12 o'clock noon on the first day of January, 1934. Section 8 of said Act provides that "The duties of the board of

public works and of the board of public safety as now provided by law shall be performed by a board to be known as the 'Board of Public Works and Safety,' which shall be composed of the mayor, the city attorney, and a member of the common council to be selected by the mayor." Acts 1933, chapter 233, § 8, p. 1046, § 48-1219, Burns' 1933, § 11400, Baldwin's 1934. Among the powers and duties of the board of public works as provided by law is the duty of operating any public utility belonging to such city. § 48-1902, Burns' 1933, § 11472, Baldwin's 1934. In fifth class cities these powers and duties were transferred to and vested in the board of public works and safety by § 8 of the Reclassification Act of 1933, *supra*. *Long, Mayor* v. *Kinney* (1936), 210 Ind. 192, 1 N. E. (2d) 929.

In view of this state of the law, it is apparent that when the appellee took office as mayor of the appellant city and during all of the time he served in such capacity, the power and duty of operating its water works and sewage disposal plant was vested in the board of public works and safety of which he was a member. Let us assume for the sake of argument that the common council of the City of Lebanon, in compliance with the law under consideration, had provided by ordinance and in the words of the statute "that the mayor, . . . *may* receive, from the funds of such utility or utilities, a salary in addition to the annual salary . . . which additional salary shall not exceed six hundred dollars per year." (Our italics.) Acts 1933, chapter 233, § 21, p. 1055, § 48-1233, Burns' 1933, § 11414, Baldwin's 1934. To make such additional salary available to the mayor, and as a condition precedent thereto, action by the board of works and public safety, in which exclusive control of the operation of such utilities vested, was necessary. Certainly the

Legislature did not intend to burden the operation of public utilities with an additional salary to the mayor if the financial affairs of such utilities, in the discretion of their governing boards, were not in position to warrant it, and hence the use of the word *may* instead of *shall*—the ordinary, usual and natural word used in connection with a mandate.

We are aware that it has been held in Indiana that "where the words of a statute are permissive merely, in cases where public interests and rights are concerned, and where the public or third persons have a claim *de jure* that the power should be exercised, they will be construed as obligatory." *Gray, Governor* v. *State, ex rel. Coghlen* (1880), 72 Ind. 567. To the same effect is *Zorn* v. *Warren-Scharf, etc., Paving Co.* (1908), 42 Ind. App. 213, 84 N. E. 509, and many others. These cases, however, are all predicated upon the principle that public interests demand that what the Legislature provided *may* be done, *should* be done.

Public interests do not necessarily demand that the mayor of a fifth class city be paid an additional salary from the funds of its public utilities. In fact, the interests of the public, for many reasons, may require the contrary. Nor can the mayor of such city be regarded as a third person having *de jure* rights to the action permitted by the statute.

In no event should the word *may* be construed as synonymous with *shall* where it is evident that the act under construction confers discretionary powers on a city or any governmental subdivision thereof. We cannot escape the conclusion that the statute upon which the appellee relies for relief does nothing more than require a city of the fifth class to provide by ordinance a method whereby its mayor may

be allowed additional salary to be paid from the funds of its public utilities if and when the board of public works and safety, in the exercise of its discretion, sees fit to so provide.

When a statute confers a new right and provides the manner in which such right should be enforced, the prescribed procedure must be followed to the exclusion of all others. The appellee's complaint herein fails to show that he has brought himself within the terms and provisions of that statute upon which his cause of action rests, and therefore judgment is reversed with instructions to the trial court to sustain appellant's demurrer.

NOTE.—Reported in 46 N. E. (2d) 269.